## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**BORREGO SPRINGS BANK, N.A.**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO.: 3:11-CV-00085SA-SAA**

**TOWN OF BRUCE, MISSISSIPPI;**
**ROBERT EDWARD OAKLEY, In His**
**Individual Capacity**                                        **DEFENDANTS**

### MEMORANDUM OPINION & ORDER

Presently before the Court are Defendant Town of Bruce's Motions to Dismiss [5], [29]; Motion to Hold in Abeyance Pending Current Review By Appeal in State Court [6]; and First Motion to Dismiss Amended Complaint for Failure to Follow a Court Order and for Want of Prosecution [20]. After reviewing the motions, responses, rules, and authorities, the Court finds as follows:

A.  Motion to Dismiss for Failure to Follow a Court Order and for Want of Prosecution

On October 24, 2011, the Magistrate Judge issued an Order allowing Plaintiff to amend its complaint. In the Order, the Court allowed Plaintiff until October 31, 2011, to file its amended complaint. Plaintiff failed to do so by that date. Due to this, Defendant Town of Bruce filed the instant motion seeking to dismiss Plaintiff's amended complaint. However, on November 21, 2011, Plaintiff filed a motion for leave to file its complaint out of time. Defendant objected to Plaintiff's motion. On December 21, 2011, the Magistrate Judge, after reviewing the record, aptly granted Plaintiff's motion to file its amended complaint out of time [26].

For reasons similar to those stated in the Magistrate Judge's Order granting Plaintiff's motion, the Court denies Defendant's motion to dismiss the amended complaint. The Magistrate Judge has issued an order allowing the amended complaint out of time, this case is still in its

early stages, and Defendant has not suffered any prejudice.  Accordingly, Defendant's motion is denied.

B.  Motion to Hold in Abeyance

As background, Plaintiff Borrego Springs Bank filed suit against Defendant Town of Bruce in the Circuit Court of Calhoun County to quiet title to certain property, alleging that the Defendant sold certain property to itself in a tax sale while a bankruptcy proceeding was ongoing in violation of the automatic stay. Plaintiff's state court action also alleged that the tax sale was void because of an improper tax assessment.  The Circuit Court of Calhoun County ruled in favor of Plaintiff on Plaintiff's motion for summary judgment.  Defendant Town of Bruce has appealed the ruling to the Mississippi Supreme Court. During the pendency of the state appeal, Plaintiff filed the instant lawsuit, alleging that Defendants Town of Bruce and Robert Edward Oakley violated Plaintiff's procedural and substantive due process rights as well as Plaintiff's equal protection rights. Plaintiff's federal action arises out of Defendants' alleged "failure [ ] to accept payment of delinquent taxes, interest and penalties, and to give up any claim to title for property acquired through a void tax sale." Plaintiff asserts that, after it filed suit in state court, it took the Rule 30(b)(6) deposition of Defendant Town of Bruce, through its Town Clerk, Rita Talford.  According to Plaintiff, during this deposition, "it learned for the first time that the long-time de facto policy of procedure of Bruce was to always accept payment for delinquent taxes, even after a tax sale and the following two-year redemption period."  Plaintiff contends that up until that point, it could not have been aware of this alleged policy, and that it is this alleged policy that creates Plaintiff's causes of action under federal law.

Defendant Town of Bruce's motion to hold in abeyance surrounds only the fact that a state law appeal is pending at the same time as this federal lawsuit. Defendant's only reasoning or showing in its two-page memorandum in support of its motion is as follows:

> This stay or abeyance would be at the discretion of this great court and Defendant has shown it would be proper according to the circumstances. This is the test as described in <u>Nken v. Jolder</u>, 129 S. Ct. 1749 (U.S. 2009), citing HN 12, 13. An appeal on the merits of the lawsuit in state court is an appropriate circumstance to stay or hold in abeyance the current proceedings. Plaintiff would not suffer any negative consequences if this order is granted and it would give this court extra time to decide the legality of this proceeding whether or not it is proper under the law.

Defendant's one-paragraph rationale for why this Court should hold the case in abeyance is inadequate. According to <u>Nken v. Holder</u>, which Defendant Town of Bruce asserts applies to this action, under the traditional standard applicable to a motion to stay, the court considers four factors:

> whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

556 U.S. 418, ---, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). While Defendant asserts that it will be injured absent a stay in its reply brief, Defendant does not even begin to address the "strong showing . . . [of a] likel[ihood] of success on the merits" prong. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." <u>Id.</u> at 1761. Defendant has failed to meet such a burden. Further, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." <u>Id.</u> While Defendant asserts that this case is based on the same facts as the prior state-court action, this argument is more properly made under Defendant's res judicata motion. Along the same lines, although the Court is appreciative

of Defendant's concern for its docket, the Court does need "extra time" to decide this action. As such, Defendant Town of Bruce's Motion is denied.[1]

C. <u>Motion to Dismiss</u>

Defendant's pre-answer motion to dismiss asserts three different grounds for dismissal: (1) failure to state a claim upon which relief can be granted; (2) statute of limitations; and (3) res judicata. The Court addresses each one separately.

*Failure to State a Claim*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). <u>Twombly</u> abrogated the Supreme Court's prior statement in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>See</u> <u>Twombly</u>, 550 U.S. at 562-63, 127 S. Ct. 1955. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is

---

[1] The Court notes that Defendant's reliance on <u>Wright v. Lowndes County</u>, No. 1:10cv240 (N.D. Miss. 2011) is misplaced. There, the court stayed the case after finding abstention (not abeyance) proper. The motion that the court properly granted was for abstention under <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Here, the Defendant has never once mentioned abstention-nor raised any particular abstention doctrine- and, further, while some of Defendant's language in its motion and reply brief sound like Defendant is actually attempting to ask the Court to "abstain" from deciding this case, the Court notes that this particular situation is not an appropriate one to invoke abstention under any of the abstention doctrines, much less under the <u>Younger</u> abstention doctrine which was applicable in <u>Wright</u>.

plausible on its face." <u>Id.</u> at 570; <u>see</u> <u>also</u> <u>Elsensohn v. St. Tammany Parish Sheriff's Office</u>, 530 F.3d 368, 372 (5th Cir. 2008).

In <u>Ashcroft v. Iqbal</u>, 556 U.S. ----, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court elaborated on the pleading standards discussed in <u>Twombly</u>. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955). With respect to the "plausibility" standard described in <u>Twombly</u>, <u>Iqbal</u> explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. 1955). The <u>Iqbal</u> Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557, 127 S. Ct. 1955). The Court concluded that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." <u>Id.</u>

The Supreme Court's examination of the issue in <u>Iqbal</u> provides a framework for examining the sufficiency of a complaint.[2] First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

---

[2] Plaintiffs' Response to Defendant's Motion to Dismiss discusses, in detail, the "extreme facts" of <u>Iqbal</u>. To any extent Plaintiff is alleging that the <u>Twombly</u> standard only applies in circumstances where "extreme facts" exist, the Supreme Court put such an argument to rest in <u>Iqbal</u>, noting that the <u>Twombly</u> decision "expounded the pleading standard for all civil actions . . . ." <u>Iqbal</u>, 556 U.S. ----, 129 S. Ct. at 1953.

truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In this case, while Defendant asserts in one sentence that "Plaintiff is [sic] has no claim upon which relief may be granted . . . .," Defendant never discusses this assertion anymore throughout its motion. The Court additionally notes that notice pleading is still the standard for complaints, and Rule 8 does not require a plaintiff to plead "specific facts" explaining precisely how the defendant's conduct was unlawful. Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam).[3] Rather, it is sufficient for a plaintiff to plead facts plausibly showing unlawful behavior, so long as the facts pled "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Here, Plaintiff's Complaint passes the plausibility barrier, and Defendant's motion to dismiss for failure to state a claim is denied.

*Statute of Limitations*

Defendant next contends that Plaintiff's Section 1983 claims are time barred. The parties acknowledge the applicable limitations period for plaintiff's claims herein is three years. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 581-82, 102 L. Ed. 2d 594 (1989) (since § 1983 has no statute of limitations, court must look to analogous state statute of limitations); Walker v. Epps, 550 F.3d 407, 415 (5th Cir. 2008) (Mississippi three-year residual personal injury statute of limitations applies to claims brought under § 1983). While federal law governs

---

[3] In Erickson, decided a mere few weeks after Twombly, the Court held that a prisoner's pro se complaint stating that the doctor's decision to withhold his prescribed Hepatitis C medication was "endangering his life" and causing "continued damage to [his] liver," was a sufficient allegation of substantial harm to survive a motion to dismiss. 551 U.S. at 91, 94, 127 S. Ct. 2197. The Court rejected the heightened pleading standard used by the court of appeals as "departing in [a] stark . . . manner from the pleading standard mandated by the Federal Rules of Civil Procedure." Id. at 90, 127 S. Ct. 2197.

the determination of when plaintiff's causes of action accrued, see Walker, 550 F.3d at 415, the court applies state law regarding tolling based on a defendant's alleged fraudulent concealment, see id. ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we borrow also the state's tolling principles.").

Regarding the accrual of a claim, "[u]nder federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (internal citations and quotations omitted). In Piotrowski, the court explained as follows:

> A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. See Stewart v. Parish of Jefferson, 951 F.2d 681, 684 (5th Cir.) ("The statute of limitations period commences once the plaintiff acquires possession of two critical facts: (1) an injury has occurred; and (2) the identity of the person who inflicted the injury."), cert. denied, 506 U.S. 820, 113 S. Ct. 69, 121 L. Ed. 2d 35 (1992). A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim. See Harrison v. United States, 708 F.2d 1023, 1027 (5th Cir. 1983) ("The plaintiff need not have knowledge of fault in the legal sense for the statute to begin to run, but she must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection ... or (b) to seek professional advice, and then, with that advice, to conclude that there was a causal connection between the [defendant's acts] and injury."). Moreover, a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further. See Jensen v. Snellings, 841 F.2d 600, 606 (5th Cir. 1988) ("Under federal law, the limitations period commences when 'the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge' thereof." (quoting Vigman v. Community Nat'l Bank & Trust Co., 635 F.2d 455, 459 (5th Cir. 1981))).

Id. As the court in Longoria v. City of Bay City, Tex., 779 F.2d 1136 (5th Cir. 1986) phrased it, "[t]he limitations period thus begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendant." See also Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988) ("A state statute of limitations imposed in a § 1983 action does

not run until the plaintiff is in possession of the 'crucial facts' that he has been hurt and the defendant is involved.").

The parties' limitations arguments boil down to a dispute over what Plaintiff knew or should have known about their claims. Defendant contends that the cause of action here is the tax sale that occurred in August 2006. Plaintiff, however, disputes this. According to Plaintiff, it could not have been aware of the damages, and the finality of Defendant's actions, until Defendant denied Plaintiff's attempt to redeem the subject property after the passage of two years. And, Plaintiff asserts that it was not until discovery found in Plaintiff's state court action, specifically during Defendant's Rule 30(b)(6) deposition, that Plaintiff could have first learned of the facts giving rise to its federal cause of action. The Court finds that in order to properly decide this fact-bound accrual question of when the Plaintiff knew or reasonably should have known of their claims, the Court must be able to examine proof not proper at this juncture in litigation (i.e., not proper under Defendant's motion to dismiss). For this reason, the Court denies Defendant's motion, yet notes that it will entertain the issue again under Rule 56.

### Res Judicata

Defendant next contends that Plaintiff's federal action is barred by the doctrine of res judicata. Specifically, Defendant asserts that this lawsuit alleges the same set of facts and issues brought in Plaintiff's state court action. Plaintiff, on the other hand, asserts res judicata does not apply. Plaintiff contends that it is not asserting different legal theories of recovery nor is it attempting to relitigate matters by raising new legal theories. According to Plaintiff, the legal theories in this federal cause of action are based on a separate set of facts than those in its state court action. Specifically, Plaintiff asserts that its federal cause of action arises from issues that

could not have been learned until after the filing of the state court action (i.e., via the Rule 30(b)(6) deposition).

The doctrine of res judicata, or claim preclusion, bars relitigation of claims "that have been litigated or should have been raised in an earlier suit." In re Ark–La–Tex Timber Co., Inc., 482 F.3d 319, 330 (5th Cir. 2007). Res judicata bars a subsequent action when a prior judgment has been rendered in an action in which: (1) the parties are the same in both suits, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there has been a final judgment on the merits, and (4) the same cause of action is involved in both cases. See Agrilectric Power Partners v. General Elec. Co., 20 F.3d 663, 664-65 (5th Cir. 1994); Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir. 1983). Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.

To determine whether the same claims are involved in two different actions for purposes of res judicata, the court applies the "transactional test" provided in the Restatement (Second) of Judgments, § 24. In re Ark–La–Tex, 482 F.3d at 330; Petro–Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir. 2004). Under this approach, the Court asks whether the two actions are "based on the same nucleus of operative facts." In re Baudoin, 981 F.2d at 743. It is the "nucleus of operative facts" in the first action, rather than the "facts litigated" or the "type of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." United States v. Davenport, 484 F.3d 321, 326, 327 (5th Cir.2007). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Davis, 383 F.3d at 313 (citations omitted). Furthermore, "[i]f the cases are based on the same nucleus of operative

facts, the first judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of." Davenport, 484 F.3d at 326.

Mere ignorance of a potential claim without a showing that the facts giving rise to the claim were undiscoverable or somehow concealed is insufficient to avoid the preclusive effect of res judicata. In re Howe, 913 F.2d 1138, 1147 (5th Cir. 1990). A defendant may not, however, "object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud. . . .The result is the same when the defendant was not fraudulent, but by an innocent misrepresentation prevented the plaintiff from including the entire claim in the original action." RESTATEMENT (SECOND) OF JUDGMENTS § 26, cmt. j (1982); see also Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 403 (5th Cir.2009); McCarty v. First of Georgia Ins. Co., 713 F.2d 609, 612–13 (10th Cir. 1983). Explained another way, res judicata applies even where new claims are based on newly discovered evidence, unless "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991) (citing Guerrero v. Katzen, 774 F.2d 506, 508 (D.C. Cir. 1985)). The Second Circuit has explained that a "Plaintiff's discovery of additional facts following entry of summary judgment does not block the application of res judicata . . . [when] [t]he facts and events themselves arose prior to the filing of the original complaint [and] it was only [plaintiff's] awareness of these facts that came later." L-Tec Elec. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999). The court in that case noted that claim preclusion applies unless the facts were fraudulently concealed or could not have been discovered earlier through plaintiff's due diligence. Id. The court found that no showing was made that the defendant actively concealed the facts and that the plaintiff could have ascertained the needed information through due diligence, including prefiling investigation or discovery

upon the original complaint. Id.[4] Neither party addresses nor adequately briefs this issue. Thus, the Court – as noted below – is ordering additional briefing.

There is another issue in this action, however, concerning the third factor in the res judcata analysis: identity of parties. This lawsuit now contains an additional party.[5] A strict identity of parties is not required to satisfy the first element of res judicata; it is sufficient for the parties in both actions to be in privity with one another. Russell v. SunAmerica Secs., Inc., 962 F.2d 1169, 1173 (5th Cir. 1992). Privity between parties exists for res judicata purposes in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990). The Fifth Circuit has further explained that the identity of parties element "is not defeated by a change in the capacity in which an individual sues, nor is it defeated by the inclusion of additional parties to the second suit." United States ex. rel. Laird v. Lockheed Martin Eng'g & Sci. Servs., Co., 336 F.3d 346, 357 (5th Cir.2003), *abrogated on other grounds by* Rockwell Int'l Corp. v. United States, 549 U.S. 457, 127 S. Ct. 1397, 1408, 167 L. Ed. 2d 190 (2007) (internal citations omitted).

Here, because the motion to dismiss was filed prior to the Court allowing Plaintiff to amend its complaint, the Court does not have adequate briefing on the res judicata issue.

---

[4] Plaintiff asserts that it was under no duty to amend its state court complaint. While true in some instances, the issue is a little more complicated than that simple of a statement. "[P]laintiffs need not amend filings to included issues [when they] arise after the original suit is lodged." Doe v. Allied-Signal, Inc., 985 F.2d 908, 915 (7th Cir. 1993).

[5] On December 21, 2011, the Magistrate Judge issued an Order [26] allowing Plaintiff to file an amended complaint naming Robert Edward Oakley as an additional Defendant. Defendant Town of Bruce has filed an additional, yet almost identical, motion to dismiss in this action [29]. In this motion to dismiss, Defendant Town of Bruce asserts that "Robert Oakley, in his individual capacity, should not be part of this action." The Magistrate Judge has already granted Plaintiff's motion to amend, and Defendant has not appealed that order.

Accordingly, the motion is deferred, and the parties shall submit supplemental briefing to the Court. Briefing shall be due within twenty (20) days from the date of this Order. If either party chooses to file a response to the supplemental briefing, such a response is due within ten (10) days from the date the additional briefing is due.


## CONCLUSION

For the reasons stated above, Defendant Town of Bruce's Motions to Dismiss[6] are DENIED IN PART and DEFERRED IN PART. Defendant's Motion to Hold in Abeyance is DENIED, and Defendant's Motion to Dismiss Amended Complaint for Failure to Follow a Court Order and for Want of Prosecution is also DENIED. Supplement briefing is hereby ordered and due within twenty (20) days from the date of this order.

So ordered on this, the __9th__ day of __January_____, 2012.


/s/  Sharion Aycock_____
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court recognizes that Plaintiff has not had adequate time to respond to Defendant's second motion to dismiss [29]. However, this second-filed motion is almost identical to the original motion to dismiss [5], in which Plaintiff did respond. Further, the Court is not granting the Defendant's motions to dismiss, but instead denying in part and deferring in part. The portion of the motion which requires deferral also requires supplemental briefing. Thus, Plaintiff will have sufficient time to respond to any additional arguments made by Defendant through its supplemental briefing.